UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CRIMINAL DOCKET NO. 10-100-BAJ-SCR

UNITED STATES OF AMERICA

VERSUS

MAURICE BROWN AND MARIO BROWN

**********************************************************

<u>JOINT MOTION AND INCORPORATED MEMORANDUM
FILED ON BEHALF OF DEFENDANTS MAURICE BROWN AND MARIO BROWN
TO SUPPRESS AND EXCLUDE EVIDENCE
OBTAINED IN VIOLATION OF THE
FEDERAL "WIRE AND ELECTRONIC COMMUNICATIONS INTERCEPTION
AND INTERCEPTION OF ORAL COMMUNICATIONS ACT" AND DUE TO
APPLICATION OF THE *BRUTON* EXCLUSIONARY RULE THERETO</u>

NOW INTO COURT, through undersigned counsel, come Maurice Brown and Mario Brown, defendants herein, who respectfully move this Honorable Court to suppress and exclude any and all conversations, statements, and evidence derived in this case from any violation of the Federal "Wire and Electronic Communications Interception and Interception of Oral Communications Act" due to applicability of the Act itself and the application of the *Bruton* exclusionary rule from the jury in this case, to wit:

1.

Defendants Maurice Brown, the Mayor of White Castle, and Mario Brown, the Chief of Police of White Castle, have been jointly indicted in the instant case as part of a Government sting operation resulting in multiple indictments known as "Operation Blighted Officials." Other political figures have been indicted under separate indictments in the Middle District of Louisiana but also as part of "Operation Blighted Officials," namely: a) George L. Grace, Sr., the Mayor of St. Gabriel;

b) Derek Lewis, the Mayor of Port Allen; c) Thomas A. Nelson, Jr., the Mayor of New Roads; and d) Fred Smith, the Chief of Police of Port Allen. Collectively for purposes of this Motion, Grace, Lewis, Nelson and Smith are referred to hereinafter as the "other defendants" or the "co-defendants."

2.

The Government has produced voluminous discovery materials thus far to defendants Maurice Brown and Mario Brown. This discovery includes but is not limited to approximately 585 different audio-recorded telephone calls and audio/video-recorded personal meetings. A significant number of these recorded telephone calls and meetings involve conversations by and among the other defendants, either speaking by and among themselves and/or speaking with undercover FBI agent(s) and/or paid Government operatives.

3.

Defendants Maurice Brown and Mario Brown show that the Government may attempt to introduce these recordings into evidence and play them for the jury and/or refer to these recordings, transcripts thereof, or selected statements contained therein in lines of questioning with witnesses in the Government's case-in-chief in front of the jury in an attempt to implicate defendants Maurice Brown or Mario Brown in criminal wrongdoing.

4.

Defendants Maurice Brown and Mario Brown show that any attempt by the Government to introduce these recordings or statements into evidence and play them for the jury and/or refer to these recordings or statements in lines of questioning with witnesses in the Government's case-in-chief in front of the jury would violate the specific prohibitions found in the Federal wiretapping statutes specifically known as the "Wire and Electronic Communications Interception and Interception of

Oral Communications Act" found in *18 U. S. C. 2510 et seq*. ("the Act" hereinafter)[1] and the dictates of *Bruton v. United States, 391 U. S. 123 (1968)* and its progeny as applied to the actions of the Government as shown herein in the recording of the various conversations of the various defendants in "Operation Blighted Officials."

5.

Defendant Maurice Brown has filed contemporaneously with the filing of the instant motion a separate Motion and Incorporated Memorandum Filed on Behalf of Defendant Maurice Brown to Suppress and Exclude *Bruton* Evidence. In support of the instant motion, defendant Maurice Brown re-avers and re-alleges all allegations and legal arguments advanced in said *Bruton* suppression motion as if copied herein *in extenso*. Further, defendant Mario Brown adopts the arguments contained in Maurice Brown's *Bruton* suppression motion to the extent said *Bruton* suppression motion arguments are relevant to the instant motion as shown hereinbelow.

6.

Defendants Maurice Brown and Mario Brown show that certain of these recordings contain statements made by the other defendants which would be inculpatory as to them and certain other recordings contain, for example, multiple defendants communicating with each other in a meeting in a condominium in New Orleans and in a restaurant in Baton Rouge.[2] Although the decision in

---

[1] Louisiana law has a similar wiretapping statutory scheme found in *La. R. S. 15:1301 et seq.* known as the "Louisiana Electronic Surveillance Act."

[2] Undersigned counsel show that they are still reviewing the voluminous discovery materials tendered thus far in discovery but are required to file this motion in advance of the motion deadline set by this Honorable Court, currently October 22, 2010. Should this Court require that undersigned counsel designate with specificity those certain recordings or statements which are in violation of the Act, then undersigned counsel will endeavor to do so but will require an extension of the motion deadline currently set to amply set forth those matters with specificity. For purposes of this general motion to suppress and exclude, undersigned counsel respectfully submits that a ruling in favor of excluding evidence in violation of the Act will

*Bruton v. United States, 391 U. S. 123 (1968)* and its progeny, particularly *U. S. v. Walker, 148 F. 3d 518 (C. A. 5 Cir. 1998)*, concern the inculpatory nature of statements made by co-defendants against the moving party, the Act specifically prohibits the introduction of **any** evidence derived from **any** violation of the Act. A Motion to Suppress is the proper procedural device to seek the exclusion of this evidence under the Act. **See**: *18 U. S. C. 2515; 18 U. S. C. 2518(10)*.

7.

Defendants Maurice Brown and Mario Brown respectfully show that both wire (such as by telephone) and oral (such as in person) communications are cloaked with privacy considerations. In drafting the Act, Congress specifically made the following findings:

> "In order to protect effectively the **privacy of wire and oral communications**, to **protect the integrity of court** and administrative proceedings, and to prevent the obstruction of interstate commerce, it is necessary for Congress to define on a uniform basis the circumstances and conditions under which the interception of wire and oral communications may be authorized, **to prohibit any unauthorized interception of such communications, and the use of the contents thereof in evidence in courts** and administrative proceedings.
>
> "**To safeguard the privacy of innocent persons**, the interception of wire or oral communications where none of the parties to the communication has consented to the interception should be allowed only when authorized by a court of competent jurisdiction and should remain under the control and supervision of the authorizing court. Interception of wire and oral communications should further be limited to certain major types of offenses and specific categories of crime with assurances that the interception is justified and that the information obtained thereby will not be misused."
>
> **See**: *Pub. L. 90-351, Section 801, Congressional Findings subsections (b) and (d) to 18 U.S.C. 2510* (Emphasis Supplied).

8.

Defendants Maurice Brown and Mario Brown show that all of the named defendants,

---

require defense counsel and the Government to meet in advance of trial to agree upon excluding those recordings which would be covered under the Court's general exclusionary order.

including themselves, who have been indicted in "Operation Blighted Officials" are presumed innocent, and certainly all of them were "innocent persons whose privacy must be safeguarded" under the ambit of the Act at the time any of their conversations were recorded.

9.

"Wire communication" is defined by the Act as any communication through "any aural transfer made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception." **See**: *18 U. S. C. 2510(1)*. In other words, this definition generally covers talking on the telephone.

10.

"Oral communication" is defined by the Act as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." **See**: *18 U. S. C. 2510(2)*. In other words, this definition generally covers speaking in person with others when there is an expectation of privacy **or** when the speaker has not consented to his words being recorded by a recording device.

11.

The Act generally makes it a crime for any person to engage in illegal wiretapping subject to certain clear exceptions defined in the Act. **See**: *18 U. S. C. 2511 et seq*.

12.

The first exception found under the Act provides:

> "It shall not be unlawful under this chapter for a person acting <u>under color of law</u> to intercept a wire, oral or electronic communication, <u>where such person is a party to the communication</u> **or** <u>one of the parties to the communication has given prior consent to such interception</u>." **See**: *18 U. S. C. 2511(2)(c)*. (Emphasis Supplied)

13.

Defendants Maurice Brown and Mario Brown respectfully submit that the exception noted above is applicable to the Government sting operation known as "Operation Blighted Officials." The persons involved in the interception of the various communications at issue in "Operation Blighted Officials" were apparently were all acting under color of law as either FBI Agents or paid Government operatives. Further, it is presumed that any FBI Agent or paid Government operative gave their consent to have their individual voices and physical movements recorded either by telephone wiretap and/or by the wearing of a wiretap device and/or by the physical location of the FBI Agent or paid Government operative being secretly recorded by surveillance cameras and microphones. Toward that end, any surveillance recordings or telephone wiretaps or personal wiretap recordings (such as the wearing of a wire) wherein a conversation with ONLY defendant Maurice Brown or ONLY defendant Mario Brown was recorded may be permissible under the Act, presuming that the FBI agent and/or paid Government operative was the consenting party.

However, where multiple defendants are recorded having conversations with each other the prohibitory language cited above would be applicable to exclude not only that particular conversation(s) but also any evidence derived therefrom. For example and for illustrative purposes for the efficacy of this motion, the surveillance recording of the meeting among defendants Grace, Maurice Brown, Lewis and Nelson at the condominium in New Orleans apparently rented by the FBI for a paid Government operative clearly shows multiple conversations among the various defendants outside the presence of the paid Government operative and along with conversations with the paid Government operative.[3] Additionally, the surveillance recording of the meeting at Ralph & Kacoo's

---

[3] At one point, the paid Government operative goes behind closed doors to speak with Grace and leaves the other defendants to talk among themselves, all of which is secretly recorded.

Restaurant in Baton Rouge also shows multiple conversations among the various defendants occurring along with conversations with the paid Government operative.[4] Upon information and belief, the Government may seek to introduce these audiovisual tapes and/or audio tapes not only for the content of the conversations contained therein but also to show the collective physical presence of the co-defendants as furtherance of some sort of criminal wrongdoing.

Clearly and without question, the persons who participated in these meetings had an expectation of privacy and further an expectation that their oral communications were not being intercepted or monitored.  **See**: *18 U. S. C. 2510(2)*.  None of these persons consented to the interception of their oral communications, particularly if the paid Government operative, FBI agent, or any other person wearing a wire was not speaking directly to them or engaged in a direct conversation with them.  In other words, the free-flowing conversations among the various defendants when they are speaking with each other (as none of them had given consent) – along with any evidence derived therefrom – should be excluded under the ambit of *18 U. S. C. 2511(2)(c) and 18 U. S. C. 2515*.

The Act specifically prohibits the evidentiary use of any intercepted wire or oral communications which violate the Act:

> "Whenever any wire or oral communication has been intercepted, **no part** of the contents of such communication **and no evidence derived therefrom** may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter."  **See**: *18 U. S. C. 2515*.  (Emphasis Supplied)

---

[4] The paid Government operative apparently was wearing a wiretap device on his person at this restaurant meeting as was defendant Nelson.  However, it has not been produced in discovery thus far that any other defendant or person was wearing a wire at that restaurant meeting.  Of note, Nelson apparently was not wearing a wire at the condominium meeting.

Therefore, any conversations in which either defendant Maurice Brown or defendant Mario Brown was a participant wherein there was no consent given by any party to the conversation should be suppressed and excluded as violative of *18 U. S. C. 2511(2)(c)*. Further, to the extent that any conversations involving any of the other co-defendants inculpate Maurice Brown and/or Mario Brown then those conversations also should be suppressed and excluded by application of the *Bruton* exclusionary rule in that neither defendant Maurice Brown nor defendant Mario Brown can subject the co-defendant who participated in the conversation and made the inculpatory statements about either of them to cross-examination, thus negating their right of confrontation as guaranteed by the 6th Amendment. Defendants Maurice Brown and Mario Brown respectfully urge application of the *Bruton* doctrine as exclusionary to this issue and re-aver and re-allege all arguments contained in their contemporaneously filed *Bruton* motion to this effect.

14.

The second exception in the Act to the prohibition against using this evidence in these proceedings is found wherein the Government obtains authorization for the interception of wire, oral or electronic communications through lawful process as proscribed in the Act, or what is commonly known as a "wiretap order." **See**: *18 U. S. C. 2516 et seq*.

15.

The Act specifically prohibits the introduction of any evidence in violation of the very specific wiretap order process:

> "Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or political subdivisions thereof, may **move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom**, on the grounds that –
>
> "(i) **the communication was unlawfully intercepted**;

"(ii) the order of authorization or approval under which it was intercepted is insufficient on its face;

"(iii) the interception was not made in conformity with the order of authorization or approval.

"Such motion shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion. **If the motion is granted, the contents of the intercepted wire or oral communication, or evidence derived therefrom, shall be treated as having been obtained in violation of this chapter**. The judge, upon the filing of such motion by the aggrieved person, may in his discretion make available to the aggrieved person or his counsel for inspection such portions of the intercepted communication or evidence derived therefrom as the judge determines to be in the interests of justice."

**See**: *18 U. S. C. 2518(10)(a)(i)(ii)(iii)*. (Emphasis Supplied)

16.

Upon information and belief from a review of the voluminous discovery materials tendered thus far by the Government to undersigned counsel, it does not appear that a wiretap order was granted specifically in connection with defendant Mario Brown. With regard to defendant Maurice Brown, at least eight (8) telephone calls exist in which a wiretap order may be involved.[5]

Without the authority granted via a lawful wiretap order, any conversations in which either defendant Maurice Brown or defendant Mario Brown was a participant wherein there was no consent given by any party to the conversation should be suppressed and excluded as violative not only of *18 U. S. C. 2511(2)(c)* but also *18 U. S. C. 2518(10)(a)(i)* in that the communication was unlawfully intercepted (due to lack of consent by the participating parties and/or any other unlawful action under

---

[5] Undersigned counsel for Maurice Brown received an email communication from the Assistant United States Attorney on October 21, 2010 which indicates that information relative to same is contained under seal but will be made available to undersigned counsel for Maurice Brown in redacted form. Undersigned counsel for Maurice Brown has not had the opportunity to review same prior to filing this motion by the October 22, 2010 deadline. Undersigned counsel for Maurice Brown reserves his right to file additional motions or other requests for relief upon review of that sealed material, and file his further motions or requests for relief on this issue under seal if necessary.

the Act).

Further, to the extent that any conversations involving any of the other co-defendants – even if lawful wiretaps were obtained in connection therewith – inculpate Maurice Brown and/or Mario Brown then those conversations also should be suppressed and excluded by application of the *Bruton* exclusionary rule in that neither defendant Maurice Brown nor defendant Mario Brown can subject the co-defendant who participated in the conversation (even under the ambit of a lawful wiretap order) and made the inculpatory statements about either of them to cross-examination, thus negating their right of confrontation as guaranteed by the 6th Amendment. Defendants Maurice Brown and Mario Brown respectfully urge application of the *Bruton* doctrine as exclusionary to this issue and re-aver and re-allege all arguments contained in their contemporaneously filed *Bruton* motion to this effect.

Further, defendants Maurice Brown and Mario Brown reserve their right to argue any potential invalidity under the Act to any wiretap order which may later be disclosed in discovery which was sought and obtained in violation of the Act in order to exclude said evidence as to them entirely under the ambit of the Act and/or exclude said evidence as being inculpatory if made by a co-defendant and thus a violation of the *Bruton* exclusionary rule as shown herein and as shown in the contemporaneously filed *Bruton* exclusionary motion.

Further, defendants Maurice Brown and Mario Brown reserve their right to request additional inspections of the portions of the intercepted communications pursuant to the provision of the Act cited above from any co-defendant to the extent that those intercepted communications implicate and/or inculpate either Maurice Brown or Mario Brown to the extent that same have not already been provided in discovery by the Government in this case.

WHEREFORE, defendants, Maurice Brown and Mario Brown, respectfully pray that this Honorable Court issue an order suppressing and excluding from the jury at trial of this case any and all statements of any nature, type or kind whatsoever and any evidence derived therefrom which were obtained in violation of the Federal wiretapping statutes specifically known as the "Wire and Electronic Communications Interception and Interception of Oral Communications Act" found in *18 U. S. C. 2510 et seq*. and the dictates of *Bruton v. United States, 391 U. S. 123 (1968)* and its progeny as applied to the actions of the Government as shown herein in the recording of the various conversations of the various defendants in "Operation Blighted Officials," and for all other relief as may be allowed by law and/or equity.

**RESPECTFULLY SUBMITTED:**

s/ Bruce A. Craft                                               s/ John S. McLindon

_____          _____
**BRUCE A. CRAFT**                                      **JOHN S. McLINDON**
La. Bar Roll No. 20766                              La. Bar Roll No. 19703
11627 Hillary Court                                   8480 Bluebonnet Blvd., Suite D
Baton Rouge, LA 70810                           Baton Rouge, LA 70810
Telephone: (225) 767-1300                     Telephone: (225) 766-0200
Telecopier: (225) 767-1301                     Telecopier: (225) 766-0279
Attorney for Maurice Brown                   Attorney for Mario Brown

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CRIMINAL DOCKET NO. 10-100-BAJ-SCR

UNITED STATES OF AMERICA

VERSUS

MAURICE BROWN AND MARIO BROWN

**********************************************

## CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing Joint Motion and Incorporated Memorandum Filed on Behalf of Defendants Maurice Brown and Mario Brown to Suppress and Exclude Evidence Obtained in Violation of the Federal "Wire and Electronic Communications Interception and Interception of Oral Communications Act" and Due to Application of the *Bruton* Exclusionary Rule Thereto has been served upon all counsel of record by electronic service through the electronic filing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's system.

Done at Baton Rouge, Louisiana, this 22nd day of October, 2010.

s/ Bruce A. Craft
_____
**Bruce A. Craft**