UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| *versus* | : | CRIMINAL NO. 10-100-BAJ-SCR |
| | : | |
| MAURICE A. BROWN | : | |
| MARIO D. BROWN | : | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO SUPPRESS**

**MAY IT PLEASE THE COURT:**

Defendants Maurice A. Brown and Mario D. Brown have filed a motion to suppress audio recordings. Rec. Doc. No. 45. As explained below, there is no basis for suppression.

**I. Background**

Defendants are charged with violating the Racketeer Influenced and Corrupt Organizations Act, other felony offenses, and forfeiture. Rec. Doc. No. 53. During the investigation which led to the charges, defendants and their criminal associates were recorded by a confidential source (CS) and undercover (UC) FBI agents. The recordings were made by recording devices on the persons of the CS and the UC agents, in their immediate presence, or on the telephone system used by the CS and UC agents.[1] Copies of the

---

[1] In addition, eight telephone conversations in which defendant Maurice Brown participated were intercepted by the Government pursuant to a court-ordered wiretap. Defense counsel has been provided with copies of the recordings of such conversations and has been advised that the United States does not intend to introduce the recordings at trial. It is the prosecution's understanding that such recordings are not the subject of the motion to suppress.

recordings have been provided to defense counsel in discovery.

## II. Summary of Argument

Defendants seek to suppress recordings made during the investigation but have not identified which recordings should be suppressed. They assert two bases for the motion. First, they note that, in some instances, the recording devices captured portions of conversations in which no government agent was participating. They contend that such recordings were made in violation of the Wiretap Statute, 18 U.S.C. § 2510 *et seq*. Second, they maintain that recorded statements of third persons which incriminate either of the defendants should be excluded pursuant to the Bruton doctrine.

As explained below, the motion should be denied. First, any conversation in the presence of a government agent is not subject to a reasonable expectation of privacy. As a result, interception of such conversations by a recording device on the person of the government agent is not prohibited by the Wiretap Statute. Second, because Bruton applies only to testimonial statements, it is not applicable to any of the recorded statements.

## III. Law

### A. The Wiretap Statute

The Wiretap Statute prohibits the interception of wire, oral, and electronic communications except in limited circumstances. 18 U.S.C. § 2511. One exception is where a party to the communication consents. 18 U.S.C. § 2511(c) and (d).[2] An "oral

---

[2] Even with consent, a person not acting under color of law is prohibited from intercepting a wire, oral or electronic communication "for the purpose of committing any criminal or tortious act." 18 U.S.C. § 2511(d).

communication" which is subject to the protections of the statute is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation." 18 U.S.C. § 2510(2). As indicated in the statute's legislative history, "this definition was intended to parallel the 'reasonable expectation of privacy' test created by the Supreme Court in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)." In the Matter of John Doe Trader Number One, 894 F.2d 240, 242 (7th Cir. 1990); see also Kee v. City of Rowlett, 247 F.3d 206, 211 (5th Cir. 2001) ("We approach both the constitutional and statutory claims under essentially the same analysis, asking whether [plaintiffs] can demonstrate a reasonable expectation of privacy."). The Katz test requires a demonstration that the individual "had an actual expectation of privacy, based on a showing that [the individual] sought to preserve something as private (which we call a subjective expectation of privacy), and that [the] expectation of privacy is one that society recognizes as reasonable (which we call an objective expectation of privacy)." Kee, 247 F.3d at 212.

It has long been held that a government agent can record conversations he has with others without violating the constitution. See Lopez v. United States, 373 U.S. 427, 439 (1963). Likewise, it is clear that a government agent can record statements which the speaker "knowingly exposes to the public" without intruding on a reasonable expectation of privacy. Katz, 389 U.S. at 351. Thus, statements knowingly made in the presence of others, or under circumstances in which others can overhear the statements, are not protected by the constitution or the Wiretap Statute. See United States v. Harrelson, 754 F.2d 1153, 1169-

1170 (5th Cir. 1985) (conversation between husband-prisoner and wife-visitor in jail cell and recorded by prisoner in next cell not protected by Wiretap Statute); United States v. Jackson, 588 F.2d 1046, 1052 (5th Cir. 1979) ("We think that conversations in a motel room which are audible to one in an adjoining room constitute words exposed to the 'plain view' of others."); United States v. Longoria, 177 F.3d 1179, 1183 (10th Cir. 1999) (statements made in presence of informant not subject to reasonable expectation of privacy); John Doe Trader, 894 F.2d at 243 (statements overheard and recorded by undercover agent on floor of Chicago's Mercantile Exchange not "oral communications" under Wiretap Statute). As the Supreme Court has recognized, "[t]he risk of being overheard by an eavesdropper or betrayed by an informer or deceived as to the identity of one with whom one deals is probably inherent in the conditions of human society. It is the kind of risk we necessarily assume whenever we speak." Hoffa v. United States, 385 U.S. 293, 302 (1966) (citations omitted).

    **B.**    **Bruton**

In Bruton v. United States, 391 U.S. 123 (1968), the Supreme Court "held that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." Richardson v. Marsh, 481 U.S. 200, 207 (1987). After Bruton was decided, the Supreme Court changed its interpretation of the Confrontation Clause in a series of cases beginning with Crawford v. Washington, 541 U.S. 36 (2004). Under Crawford, the Confrontation Clause "applies to 'witnesses' against the accused – in other words, those who 'bear testimony.'" Id. at 51.

4

"Testimonial" statements are thus "inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination." Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527, 2531 (2009). On the other hand, non-testimonial statements are not subject to the Confrontation Clause. Davis v. Washington, 547 U.S. 813, 823-824 (2006). Because the Bruton doctrine is based on the Confrontation Clause, it does not apply to nontestimonial statements:

> The Bruton/Richardson framework presupposes that the aggrieved co-defendant has a Sixth Amendment right to confront the declarant in the first place. If none of the co-defendants has a constitutional right to confront the declarant, none can complain that his right has been denied. It is thus necessary to view Bruton through the lens of Crawford and Davis. The threshold question in every case is whether the challenged statement is testimonial. If it is not, the Confrontation Clause 'has no application.'

United States v. Figueroa-Cartagena, 612 F.3d 69, 85 (1st Cir. 2010) (and cases cited therein) (citation omitted).

The Supreme Court has not yet defined "testimonial" for purposes of the Confrontation Clause. Crawford, 541 U.S. at 68 ("We leave for another day any effort to spell out a comprehensive definition of 'testimonial'."). The Crawford Court did explain, however, that, "[w]hatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a formal trial; and to police interrogations." Id. at 68. The Fifth Circuit has held that "[a]n out-of-court statement is testimonial if it was 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'" United States v. Santos, 589 F.3d

759, 762 (5th Cir. 2009) (quoting Melendez-Diaz, 129 S.Ct. at 2532 (quoting Crawford, 541 U.S. at 52)). It is clear that statements made in furtherance of a conspiracy and statements made unwittingly to an informant are not testimonial. See Crawford, 541 U.S. at 56 (statements in furtherance of a conspiracy); Davis, 547 U.S. at 825 (statements to informant); United States v. Dale, 614 F.3d 942, 956 (8th Cir. 2010) (statements to government agent); United States v. Smalls, 605 F.3d 765, 778 (10th Cir. 2010) (statements to informant) (and cases cited therein); United States v. King, 541 F.3d 1143, 1145-1146 (5th Cir. 2008) (co-conspirator statements).

## IV. Argument

The United States is at somewhat of a disadvantage in responding to the motion because defendants have not identified with particularity the statements they seek to suppress. However, it appears that the motion is directed at two subsets of the recorded communications. First, defendants apparently object to recordings which contain "multiple conversations among the various defendants occurring along with conversations with the paid Government operative."[3] Rec. Doc. 45 at 7. Presumably, all such conversations were in-person, i.e., not over the telephone. Second, defendants object to any statements by non-testifying third parties (such as other individuals indicted pursuant to the investigation) which incriminate defendants.

---

[3] Defendants also allege that, at a meeting at a condominium in New Orleans, conversations were recorded outside the presence of any government agent. That is not correct. All non-telephonic conversations were recorded via a recording device on the person of government personnel.

6

### A.     Alleged Wiretap Violation

All of the statements at issue were made in the presence of the CI or a UC agent.  As a result, defendants cannot allege that the statements were made with a reasonable expectation of privacy.  As to each recording, the government agent or informant "was not a surreptitious eavesdropper. [He] was [present] by invitation, and every conversation which he heard was either directed to him or carried on his presence."  Hoffa, 385 U.S. at 302.  "[A] wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it" does not amount to a reasonable expectation of privacy.  Id.  Consequently, there has been no violation of the Wiretap Statute.

Defendants contend that, unless the intercepted declarants were "speaking directly to" a government agent or "engaged in a direct conversation with" the agent, the declarants had a reasonable expectation of privacy in their communications.  Rec. Doc. No. 45 at 7.  However, that is not the law.  Statements knowingly made in the presence of others are not subject to a reasonable expectation of privacy.  See Hoffa, 385 U.S. at 302; Harrelson, 754 F.2d at 1169-1170; Longoria, 177 F.3d at 1183; John Doe Trader, 894 F.2d at 243.  Significantly, defendants cite no law in support of their position.

### B.     Alleged *Bruton* Violation

Defendants contend that statements by others which incriminate them are subject to Bruton.[4]  However, in this case, all such statements were made to confederates in the

---

[4]    Bruton applies only to the admission of a statement by a non-testifying defendant which directly incriminates another defendant in a joint trial.  Thus, if Bruton had any application in this case, it would be only to statements by one of the Browns which incriminate the other; statements by third parties not on trial are simply not within the scope of the Bruton rule.

7

presence of government agents or were made directly to undercover government operatives. Such statements are not testimonial, and are therefore not within the scope of the Confrontation Clause. Again, defendants cite no law in support of their position.

**V.      Conclusion**

For the foregoing reasons, the United States submits that the Court should deny defendants' motion to suppress.

Respectfully submitted,

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY

s/ M. Patricia Jones
M. Patricia Jones, LBN 18543
Corey R. Amundson, LBN 28865
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: Patricia.Jones4@usdoj.gov

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 10-100-BAJ-SCR |
| | : | |
| MAURICE A. BROWN | : | |
| MARIO D. BROWN | : | |

## CERTIFICATE OF SERVICE

I hereby certify that, on November 5, 2010, a copy of the foregoing United States' Memorandum in Opposition to Defendants' Motion to Suppress was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to defense counsel by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 5th day of November, 2010.

UNITED STATES OF AMERICA, by

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY


s/ M. Patricia Jones
M. Patricia Jones
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: Patricia.Jones4@usdoj.gov